FILED

APR 2 7 2020

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY_____ _____ DEP CLK

UNITED STATES DISTRICT COURT FOR THE EASTERN

DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA

    -RESPONDENT-

    V.

VICTOR ANDRADE CANTU

    -PETITIONER-

Case: 0417 412-CR-00065D-001

---

## EMERGENCY MOTION

### FOR VICTOR ANDRADE CANTU COMPASSIONATE RELEASE/

### REDUCTION IN SENTENCE.

---

## 1. INTRODUCTION.

In 2009, Scotland released the Lockerbie bomber, Abdel Baset Ali Al-Megrahi, on compassionate grounds sparking significant contro- versy over the use of compassionate release. After serving approx- imately eight years in prison for the bombing of Pan-Am Flight 103, which killed 270 people, including 189 Americans, the convicted terrorist was released because he met the criteria for compassion- ate release based on his terminal diagnosis of prostate cancer. "Lockerbie convict returns to jubilant welcome," New York Times (Aug. 21, 2009); https://www.nytimes.com/2009/08/21Lockerbie.html. The case of Al-Megrahi and Victor Andrade Cantu could not be more different --different jurisdictions, different crimes; However, the release of the Lockerbie bomber raises two fundamental questions at the heart of this request: (1) What are the limits of compassion- ate release?, and (2) When is it appropriate to release a debili- tating or terminally ill prisoner?

A term of imprisonment that constituted just and proportionate punishment at the time of sentencing may become disproportionately severe based on changed circumstances, such as terminal illness or a serious debilitating illness. Congress clearly contemplated this scenario when it enacted the "First Step Act of 2018", Pub. L. 115-391, 132 Stat, 5194, 5239 (Dec.21, 2018), in partial response to the Bureau of Prisons ("BOP") minimal use of the compassionate release program.

When this court sentenced Victor Andrade Cantu ("Victor"), it was clear that Victor's thirteen(13)-year sentence was symbolic for two reasons; Retribution and deterrence. Over the past eight(8) plus years circumstances have changed. This court must now consider whether keeping "Victor" incarcerated, in light of his debilitating high blood pressure, and aristhmetic condition, and his vulnerability to COVID-19, is truly in furtherance of statutory sentencing goals and our society's value and understanding of compassion.

Victor presents "Extraordinary and compelling reasons" for compassionate release, and the BOP fails to recognize that Victor meets the criteria for a reduction in sentence based on his illness. On March 26, 2020, congress approved the "Cares Act"|| Section 12003 of the Cares Act gave the BOP authority to immediately recognize that COVID-19 presents "Extraordinary and compelling circumstances" for those who are vulnerable to COVID-19. The attorney general's April 3rd memorandum to the director of the BOP to assess all "at risk inmates", has also fallen on blind eyes and deaf ears. Even in the FCI Oakdale where the most reported cases and deaths from COVID-19,, where Victor currently is an inmate. A reduction in sentence would not minimize the severity of

his offense --his circumstances fall within the sentencing commission's standards for a sentence reduction, and consideration of 18 U.S.C.S. 3553(a) factors do not outweigh the indisputable fact that "Victor" is at risk, or that he has already been punished significantly for his crimes.

Victor does not wish to dispute or minimize the severity of his crimes. Now after over eight(8) years of incarceration and with the current risks he now faces, Victor humbly asks this court for a modicum of compassion.

## II. BACKGROUND FACTS FOR CONSIDERATION.

01. On December 21, 2018, the president signed the First Step Act ("FSA") into law, removing a major obstacle from judicial review of sentences to determine whether "Extraordinary and compelling reasons" exist to permit a sentence reduction that is "sufficient but not greater than necessary", under 18 U.S.C.S. 3553(a), First Step Act of 2018, Pub.L. 115-391, 132 Stat. 5194, 5239 (Dec. 21,2018). Under FSA, this court is afforded jurisdiction to make the 3553(a) determination of whether Victor's over eight(8) years in prison is sufficient, but not greater than necessary", to accomplish the goals of sentencing.

## A. HISTORY OF COMPASSIONATE RELEASE.

02. Congress enacted the current compassionate release statute, 18 U.S.C.S. 3582, as part of the Comprehensive Crime Control Act ("CCCA") of 1984. Section 3582(c) states that a district court can modify a final term of imprisonment after consideration of 3553(a) factors if "Extraordinary and compelling reasons warrant such a reduction", 18 U.S.C.S. 3582(c)(1)(A)(i). In 1984, congress conditioned the reduction of sentence on the BOP director moving for

the reduction; absent a BOP motion, sentencing courts had no authority to modify a prisoner's sentence for "Extraordinary and compelling reasons", Id. Congress never defined what constitutes an "Extraordinary and compelling reason" for resentencing under 3582(c) but the legislative history indicates that congress expected courts to grant relief persuant to statute in appropriate cases.

03. One of congress's initial goals in passing the "CCCA" was to abolish federal parole and create a "completely restructured guidelines sentencing system." S. Rep. No. 98-255 at 52, 53, n. 196 (1983). Yet, recognizing that parole historically played a key role in responding to changed circumstances, the senate committee stressed how some individual cases may still warrant a second look at resentencing, including "cases of illness, cases in which other extraordinary and compelling circumstances justify a reduction of an unusually long sentence." Id. at 55. Rather than having the parole commission review every federal sentence, focused only on an offender's rehabilitation, congress decided that section 3582(c) could and would enable courts to decide in individual cases, if "there is justification for reducing a term of imprisonment." Id. at 56.

04. Congress intended for the situations listed in section 3582(c) to act as "safety valves for modification of sentences" to enable sentence reduction when justified by various factors that previously could have been addressed through the (now abolished) parole system. Id. at 121. This safety valve would "assure the availability of specific review and reduction to a term of imprisonment for 'Extraordinary and compelling reasons' and [would allow courts] to respond to change in the guidelines." Id. (alter-

ations added). Noting that this approach would keep "the sentencing power in the judiciary where it belongs", rather than with the U.S. parole commission, the statute permitted "later review of sentences in particularly compelling situations". Id. In sum, congress via 3582(c)(1)(A) gave federal sentencing courts the equitable power to correct sentences that --while lawful when originally imposed-- no longer make sense.

05. Victor received a two(2) point reduction persuant to 18 U.S.C.S. 3582(c)(2) and amendment 782 to the U.S. sentencing guide-lines.

That does not preclude Victor from a sentence reduction under section 404 of the "First Step Act" ("FSA"), see: (eight circuit review de Novo) United States V. Gamble, 683 F.3d 932, 933(8th Cir. 2012)(Reviewing "de Novo the applicability of the [Fair sentencing Act] to a defendant's case").

Victor was convicted for distribution of cocaine, 21 U.S.C.S. 841(b)(1)(A). Afther the First Step Act of 2018 made the Fair Sentencing Act retroactive, it changed the statutory range for Victor's conviction based on drug quantity to 5 to 20 years, 21 U.S.C.S. 841(b)(1)(B)(2012). The count for which Victor was convicted was a "coverted offense" under section 404 of the First Step Act because: (1) it is a violation of a federal statute; (2) The statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act, see: United States V. McDonald, No. 19-1221(8th Cir. Dec.11, 2019). Thus, Victor is eligible for a reduction based on the plain language of the Act. The "fact that Victor received a sentence reduction based on a retroactive guide-lines amendment, does not affect his eligibility for a reduction

5

under the First Step Act. The court here in considering a motion for a reduced sentence under [section] 404 of the First Step Act proceeds in two steps. First, the court here must decide whether the defendant is eligible for relief under 404. Second, if the defendant is eligible, the court must decide, in its discretion to grant such a reduction".

Victor is eligible for relief, because he was convicted for an offense involving cocaine. He was sentenced in June of 2014, after the supreme court decided, Dorsey V. United States, 567 U.S. 260(2012), and he continues to serve a sentence that is not fully in accordance with the Fair Sentencing Act.

B. The U.s. Sentencing commision concluded that 3582(c)(1)(A)'s "Extraordinary and compelling reasons" includes, but not limited to ill, elderly, or family circumstances.

05. Congress initially delegated the responsability for determining what constitutes "Extraordinary and compelling reasons" to the U.S. sentencing commission, see 28 U.S.C.S. 994(t)("the commission... shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."). Congress provided only one(1) limitation to that delegation of authority: "[R]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. 994(T).

06. The commission initially neglected its duty, leaving the BOP to fill the void and develop its own standards for extraordinary and compelling reasons warranting resentencing under 3582 (c)(1)(A) modification --even for prisoners who met the objective criteria-- The commission amended its policy statement, admonishing

the BOP to file motions for compassionate release, Whenever a prisoner was found to meet the criteria in U.S.S.G. 1B1.13 U.S. DOJ office of the inspector general, the Federal Bureau of Prisons compassionate relase program (Apr.2013); U.S.S.G. 1B1.13, App. Note 4; see United States V. Dimasi, 220 F. Supp. 3d 173, 175 (D. Mass.2016)("Discussing the progression from the OIG report to new 'encouraging' guidelines").

    C. Congress changed the process for compassionate release through the First Step Act based on criticism of the BOP's inadequate use of its authority, returning to the federal judiciary the authority to reduce sentences for "Extraordinary and compelling reasons."

    07. Only the BOP could move for a sentence reduction under 3582(c)(1)(A) before congress enacted the FSA, see: P.L. 98-473 (H.j.Res. 648), P.L. 98-473, 98 Stat, 1837(Oct.12,1984). Even if the federal prisoner qualified under the sentencing commission's definition of extraordinary and compelling reasons,, absent the BOP motion, the sentencing court had no authority to reduce the sentence. This led to several problems, (that is now even more complicated).

    For example, the Department of Justice's office of the Inspector General (OIG) found that the BOP failed to provide adequate guidance to staff on the criteria for compassionate release, failed to set timelines for reviewing compassionate release reque-sts, failed to create formal procedures for informing prisoners about compassionate release programs, April 2013. OIG# 1-2013-006 at i,iv, [The OIG is accessible at https://oig.justice.gov/reports/2013/e1306.pdf].

    08. The OIG concluded that "FBOP" does not properly manage the

compassionate release program, resulting in inmates who may be eligible candidates for release not being considered. Id.; see: Generally, Stephen R. Sady and Lynn Deffebach, second look resentencing under 18 U.S.C.S. 3582(c) as an example of Bureau of Prisons policies in over incarceration, 21 Fed. Sent. RPTR. 167 (Feb. 2009) and see also: Dept. of Justice Office of the Inspector General, 'The impact of an aging inmate population on the Federal Bureau of Prisons', evaluation and inspections division report, 15-05 at iii, 44-50(Rev. Feb. 2016).

A bipartisan group of senators expressed concern with BOP's continuing over-restrictive application of compassionate release in 2017, see: Letter to Dr. Thomas R. Kane, et al, August 3, 2017. And just prior to the passage of the First Step Act, there were reports that BOP had not acted in a manner consistent with congressional or sentencing commission intent to encourage broader application of compassionate release, see: Christie Thompson, "Frail, old and dying, but their only way out of prison is in a coffin, N.Y. times (Mar.7,2018).https://www.nytimes.com/2018/03/07/us/prisons-compassionate-release-html.

09. Congress heard those complaints. On December 21, 2018, congress passed the FSA, which transformed the process for compassionate release under 3582(c)(1)(A). Congress labeled these changes, "Increasing the use and transparency of compassionate release.", 164 Cong.Rec. H10346, H10358(2018)(Emphasis added). Even with the Attorney General ("AG") April 3rd memorandum of 2020, due to the COVID-19, especially in this institution, for what could not be more for bias and discriminatory reasons has fell on dumb lips, deaf ears, and blind eyes, for the same reasons

found by the OIG, or just plain negligence.

Persuant to the Fair Sentencing Act (FSA), this court has dis-
cretion to reduce the term of imprisonment imposed in this case
based on 3582(c)(1)(A) if it concludes that, Victor Andrade Cantu,
(1) "Extraordinary and compelling reasons" warrant a reduction in
sentence; (2) Consideration of the factors set forth in section
3553(a), and (3) "such a reduction is consistent with applicable
policy statements issued by the sentencing commission", 18 U.S.C.S.
3582(c)(1)(A), (B) and (D); and section 404 of the First Step Act
of 2018. 2-3.

Accordingly, for the reasons argued herein, the court should
grant Victor Andrade Cantu ("Victor") a reduction in sentence and
compassionate release. May God have mercy on us!

Respectfully submitted this day: 04/19/2020

By: Victor Andrade Cantu

Reg. No.: 56828-018

Oakdale F.C.I. II

P.O. BOX 5010

Oakdale, LA   71463

Signature: *Victor Andrade Cantu*