IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:12-CR-65

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| VICTOR ANDRADE-CANTU, ) | |
| ) | |
| Defendant. ) | |

On April 27, 2020, Victor Andrade-Cantu ("Andrade-Cantu") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 260]. On May 11, 2020, the United States responded in opposition [D.E. 264] and filed exhibits [D.E. 265]. On July 1, 2020, Andrade-Cantu replied through counsel. As explained below, the court denies Andrade-Cantu's motion.

On October 5, 2012, pursuant to a written plea agreement, Andrade-Cantu pleaded guilty to conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine. See [D.E. 103, 104]. On April 25, 2014, the court held Andrade-Cantu's sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 249, 251]; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Andrade-Cantu's total offense level to be 37, his criminal history category to be I, and his advisory guideline range to be 210 to 262 months' imprisonment. See [D.E. 249] 1. After granting the government's motion for a downward departure and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Andrade-Cantu to 156 months' imprisonment. See id. at 2; [D.E. 250]. Andrade-Cantu did not appeal.

On October 30, 2015, Andrade-Cantu moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10(c), and U.S.S.G. Amendment 782. See [D.E. 255]. On May 19, 2018, the court granted Andrade-Cantu's motion and reduced his sentence to 124 months' imprisonment. See [D.E. 258].

On December 21, 2018, the First Step Act went into effect. See First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, 5249 (2018). Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission (the "Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of another person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including: (A) serious medical

2

conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

   (A) Medical Condition of the Defendant.—

   (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

   (ii) The defendant is—

   (I) suffering from a serious physical or medical condition,

   (II) suffering from a serious functional or cognitive impairment, or

   (III) experiencing deteriorating physical or mental health because of the aging process,

   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

   (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

   (C) Family Circumstances.—

3

that "an extraordinary and compelling reason need not have been unforeseen at the time of the sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Nevertheless, section 1B1.13 provides applicable policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See, e.g., United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished). In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and

---

      (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

      (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

  (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

the section 3553(a) factors. See, e.g., id.; Dinning v. United States, No. 2:12-cr-84, 2020 WL 1889361, at *2 (E.D. Va. Apr. 16, 2020) (unpublished).

Andrade-Cantu seeks compassionate release pursuant to section 3582(c)(1)(A). In support, Andrade-Cantu relies on the "medical condition of the defendant" policy statement in application note 1(A) to U.S.S.G. § 1B1.13 and the "other reasons" policy statement in application note 1(D) to U.S.S.G. § 1B1.13. See [D.E. 260] 2–3, 9; [D.E. 272] 6–12. Specifically, Andrade-Cantu cites the COVID-19 pandemic and his hypertension and asthma. See [D.E. 260] 2; [D.E. 272] 9–10.

As a preliminary matter, Andrade-Cantu represents that he filed two requests for compassionate release with the warden at FCI Oakdale II. See [D.E. 272] 3. Because Andrade-Cantu filed his second request on April 14, 2020, 30 days have elapsed from the request. See id. The court assumes without deciding that the warden received Andrade-Cantu's compassionate release request. See 18 U.S.C. § 3582(c)(1)(A). Alternatively, the court assumes without deciding that Andrade-Cantu has exhausted all administrative remedies. See id.

As for the medical condition of the defendant policy statement, the policy statement requires that the defendant is "suffering from a serious physical or medical condition ... from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). While Andrade-Cantu states that he suffers from hypertension and asthma, he does not demonstrate that either condition is one from which he is not going to recover. Accordingly, reducing Andrade-Cantu's sentence is not consistent with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic coupled with his asthma and hypertension are extraordinary circumstances consistent with application note 1(D). Even so, the section 3553(a) factors counsel against reducing Andrade-Cantu's sentence. See United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020);

5

Clark, 2020 WL 1874140, at *3–8. Andrade-Cantu engaged in serious criminal conduct and was responsible for trafficking 19.948 kilograms of cocaine. See PSR [D.E. 244] ¶¶ 5–10. Moreover, Andrade-Cantu directed five other individuals involved in the drug-trafficking conspiracy. See PSR ¶¶ 6–7, 10. On the date of his arrest, agents located Andrade-Cantu driving in his car. Once the agents began following Andrade-Cantu, he accelerated and made abrupt turn and lane changes. When agents activated their blue lights, Andrade-Cantu attempted to drive around the agents' cars. The agents' cars collided when they tried to stop Andrade-Cantu, causing damage to both cars. See id. at ¶ 8. Having considered the entire record, the steps that the BOP has taken to address COVID-19, the section 3553(a) factors, Andrade-Cantu's arguments, and the need to punish Andrade-Cantu for his criminal behavior, to incapacitate Andrade-Cantu, to promote respect for the law, to deter others, and to protect society, the court declines to grant Andrade-Cantu's motion for compassionate release. See, e.g., Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished).

In sum, the court DENIES Andrade-Cantu's motion for compassionate release [D.E. 260].

SO ORDERED. This 3 day of August 2020.

JAMES C. DEVER III
United States District Judge